IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MILLIE CARLISLE,
    Plaintiff,

vs.                                          Case No. 5:05cv188/MCR/EMT

SALLIE MAE INC.,
    Defendant.
_____/

**O R D E R**

Pending before the court is Defendant's motion for summary judgment and supporting documentation (Doc. 24). Although Plaintiff filed two documents entitled "Plaintiff's View" and "Plaintiff's Cause" (Docs. 26, 27), which the court construes as responses to Defendant's motion, the court has concluded that in light of Plaintiff's pro se status, she should be given an opportunity to file an amended response upon being advised of the procedural rules and legal standard governing summary judgment motions.

Plaintiff is advised that in preparing an amended response to the motion for summary judgment, she should file and serve affidavits and any other documents or materials required by Fed.R.Civ.P. 56 and Local Rule 56.1(A). In opposing a motion for summary judgment Plaintiff is the nonmoving party, and as Plaintiff she is the party with the burden of proof. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The rule does not require the party seeking summary judgment to submit evidence negating the opposing party's claim, but instead to demonstrate ("with or without supporting affidavits") that the Rule 56(c) standard is satisfied. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Rule 56(e) permits opposition to summary judgment by any of the evidentiary

materials listed in Rule 56(c) except the mere pleadings themselves. 106 S. Ct. at 2553. Affidavits offered in support of or in opposition to summary judgment must be based on personal knowledge, set forth facts as would be admissible as evidence, and demonstrate that the affiant is competent to testify to the matters asserted. Fed.R.Civ.P. 56(e).

Furthermore, Plaintiff is reminded that, pursuant to Local Rule 5.1(D),

> [E]ach document submitted for filing shall be accompanied by a certificate of service (1) signed by an attorney of record or by a party proceeding *pro se*, (2) certifying that a copy of the document has been served upon all other parties who have appeared, and (3) specifying the date and method of such service . . . .

Therefore, Plaintiff should include a certificate of service with her amended summary judgement response.

Accordingly, it is **ORDERED**:

1. Within **THIRTY (30) DAYS** from the date of this order, Plaintiff shall file an amended response to Defendant's motion for summary judgment (Doc. 24).

2. Failure to comply with this order may result in a recommendation of dismissal for Plaintiff's failure to comply with an order of the court.

**DONE AND ORDERED** this 19th day of October, 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**